Jones, Chief Judge,
delivered the opinion of the court:
This case is before the court on defendant’s motion for reconsideration of a portion of our original decision of February 6, 1963, ante, p. 541. In that decision we held that the plaintiff was entitled to recover the amount of $16,615.50 which it had deposited as earnest money on the purchase from defendant of certain tracts of land near Baltimore, Maryland. The tracts here in issue, identified as parcel 2, section 1, and parcel 8, section 2, were a portion of a federally owned World War II housing development known as Victory Villa. We found that the defendant had made certain false representations with regard to parcel 8 of that development, and that these representations were the primary inducement to purchase on the part of the plaintiff. The defendant does riot here take issue with that conclusion.
Upon further consideration of the record, we have concluded that we erred in holding that the bidding and acceptance as to both parcels 2- and 8 should be considered as one purchase and that consequently plaintiff’s right to *579 rescind included not only parcel 8 but extended to parcel % •as well. .....
While there are .some strong facts and statements.indicat-: ing that the plaintiff had in mind.developing the.two-tracts., more or less together and that the acceptance by . the def.ep.d-ant was on that basis, the facts as a whole leave that;issue in •doubt. The bid. form gave the bidder the choice of :submitf:; ting individual or group bids and of indicating a group bidif it so desired. The plaintiff did not indicate .that' it desired its" acceptance to be on a group or single, unit basis. Added, to this, and of particular significance, is the uncontradicted; testimony before the trial commissioner of Mr. Colvin, plaintiff’s vice president and principal witness, that plaintiff would have accepted an award of less than, all of the parcels •included in the original bid. [Tr. 166-67.] These facts, ■along with others relating to the planned development of .the area make it uncertain whether the parties meant the final acceptance to be treated as a unit. While there; were some incorrect representations as to parcel 2, the plaintiff could have checked these by the sales maps also furnished by the defendant. These representations were not sufficient as to-' parcel 2, unless the acceptance was on both tracts as a unit. The evidence is not sufficient to establish acceptance as one unit. At the same time it seems unlikely that plaintiff would have been interested in purchasing for development:: of parcel 2 alone if it had not been vitally interested in the more promising parcel 8. The value of parcel 2 depended largely on development of parcel 8. While the parcels were not contiguous, they were in the same addition and in the" •same planned area of city development.
There is not the slightest doubt that had the main parcel 8 been accessible to the wide, new highway, as represented, it would have been developed and would have added greatly to the value of the two smaller tracts. This would have been true regardless of whether plaintiff or someone else made the higher bid. Evidently for this reason plaintiff was willing to make a substantial bid on the smaller tract. It is doubtful whether plaintiff or anyone else would have made a bid anything like the amount of plaintiff’s bid on the minor parcels, •except on this reliance. But when, because of lack of access *580 to the main highway, parcel 8 could not be developed as planned, the value of the lesser tracts was greatly reduced. If the true facts had been known plaintiff would not have made the bid on either tract. The misrepresentation as to the major tract was intimately linked to bids on the other tracts. Thus, the misrepresentations as to the major parcels directly affected the bids on the other parcels.
Together with its answer to the original petition, defendant' set forth an affirmative defense denominated a counterclaim. This claim was based upon the losses it allegedly suffered as a result of the resale, at a lower price, of parcel 2. In this connection we call attention to the wording of paragraph 5 of the General Conditions of Sale:
If, after notice of acceptance of any offer has been given, the Purchaser fails to consummate the purchase, the good faith deposit shall be retained by the Seller as liquidated damages without prejudice to any further right of action that the Seller may have by reason of the breach * * *. [Finding 17.]
While this clause reserves the right to the seller to claim damages in addition to those agreed to as liquidated damages in an appropriate case, we feel that it would be inappropriate to consider additional damages in view of the facts of record in this case. The discrepancy between bid and sale price indicates that plaintiff’s bid was made in relation to the value it placed upon parcel 8, due to the representations of defendant. The plaintiff’s original bid was on three tracts. For these reasons we restrict the defendant to that measure of damages which the parties themselves agreed would be fair under normal conditions, i.e., liquidated damages in the amount of 5 percent of the bid price.
We find that plaintiff is not entitled to recover that portion of the deposit relating solely to parcel 2. Consequently that portion of our previous opinion relating to parcel 2 is vacated and withdrawn, and this opinion is substituted therefor. That portion of our previous conclusion of law which relates to plaintiff’s recovery is also vacated and withdrawn and the following paragraph is substituted therefor:
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a *581 matter of law that plaintiff is entitled to recover, and it is therefore adjudged and ordered that plaintiff recover of and from the United States the sum of fourteen thousand one hundred ten dollars and fifty cents. ($14,110.50).
All other portions of the opinion and conclusion ofiliiw, as well as the findings of fact, will remain unchanged.